# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHARLEY HUGHES,

    Plaintiff,

    v.                                            CASE NO. 18-3101-SAC

MARTHA CODER, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 5.) Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff alleges that he was scheduled to be released from prison on September 15, 2017. On August 15, 2017, he received paperwork to serve a consecutive sentence of 130 months. Plaintiff alleges that he has already served 47 months for the same charge and that the Defendants conspired to keep Plaintiff falsely imprisoned and denied his request for release. Plaintiff's conspiracy claim alleges that "Defendants Martha Coder, Joe Norwood and Dan Schnurr acted in concert to commit an unlawful act that inflicted a wrong against Plaintiff. The conspiracy was impelled by a commingle of racial and political motives." (Doc. 1, at 3.) Plaintiff also claims that Defendants Norwood and Schnurr discriminated against Plaintiff on August 17, 2017, when they denied Plaintiff's release due to his affiliation with the New Afrikan Black Panther prison chapter. Lastly, Plaintiff claims that "all defendants subjected Plaintiff to a deprivation of constitutional magnitude." *Id*. at 4. Plaintiff names as Defendants: Martha Coder; Joe Norwood; Dan

Schnurr; Mike Nickels; and Brian Drinkwalter.  Plaintiff seeks $100,000 in punitive damages, $50,000 in compensatory damages, and "immediate release from prison." *Id*. at 5.

On August 15, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC"), ordering Plaintiff to show cause by September 14, 2018, why this case should not be dismissed due to the deficiencies discussed in the MOSC.  In the MOSC, the Court notes that:  because Plaintiff is challenging the legality of his current confinement, his claims are not cognizable in a § 1983 action; liberally construing Plaintiff's complaint as a habeas corpus action would not save it because there is no indication that Plaintiff has exhausted his state court remedies; if Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); Plaintiff's bare conspiracy allegations fail to state a claim upon which relief may be granted; Plaintiff fails to allege personal participation by Defendants Nickels and Drinkwalter in any purported constitutional violations; Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind; Plaintiff makes a bald allegation that he was discriminated against for his affiliation in the New Afrikan Black Panther prison chapter without alleging facts to support a claim of discrimination and despite the Court's previous denial of Plaintiff's claims alleging that certain defendants conspired to deem the NABPP ("New Afrikan Black Panther Party") a security threat group ("STG"); and Plaintiff's bare allegation without factual support that "all defendants subjected Plaintiff to a deprivation of constitutional magnitude" fails to state a claim for relief.

Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court finds that Plaintiff fails to state a claim for relief as set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 21st day of September, 2018.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**